## ASSOCIATED INDUSTRIES OF OKLAHOMA et al. v. STATE INSURANCE BOARD OF OKLAHOMA.

No. 27755.   Dec. 20, 1938.

Keaton, Wells, Johnston & Barnes, for plaintiffs.

Mac Q. Williamson, Atty. Gen., and Houston W. Reeves, Asst. Atty. Gen., for respondents.

Rittenhouse, Webster & Rittenhouse and F. F. LaFon, for National Council on Compensation Insurance.

WELCH, J.   This is an action under section 10547, O. S. 1931, 36 Okla. St. Ann. sec. 145, to review a temporary order made by the State Insurance Board January 22, 1937, approving certain workmen's compensation insurance rates.

It is necessary to notice the following facts. In November, 1936, the State Insurance Board took steps towards a general recheck of such insurance rates with a view of reduction, and called for the filing of data and information by the insurance companies, or the national council on compensation insurance. Later that month the board was advised that there would be some delay, but that such information and data would be furnished. Early in December the board was advised that preliminary figures appeared to show that a rate reduction would be in order and that complete data and information would be furnished later. On December 22, 1936, the plaintiffs here filed with the State Insurance Board their petition asking for a reduction of workmen's compensation insurance rates. On the same day the board advised representatives of the insurers that unless the information and data requested in November could be filed at once, a certain percentage reduction of rates would be put into effect not later than February 1st following. Thereafter, early in January, 1937, the insurers filed with the State Insurance Board a rate filing which made various changes in rates, involving some raises and some reductions. However, the reductions predominated, as demonstrated by the facts that the rate filing produced an average decrease of 7½ per cent. in workmen's compensation rates in Oklahoma. Thereafter, in the same month, the board made an order placing in effect temporarily these new reduced rates or new rates based on this filing, and set February 1st for further or final or general hearing on permanent rates. The temporary rate order was made January 22d, and its purpose was to give to insurance buyers the immediate benefit of the conceded 7½ per cent. average reduction of rates while the necessary investigations and hearings were being conducted to determine final rates.

On the February 1st hearing the attorney for plaintiffs here appeared before the board and moved vacation of the order of January 22d, which was denied. The need of further investigation appears to have made it necessary to delay or postpone further hearing to March 2d. In the meantime, on February 20th, plaintiffs instituted this action.

Thereafter, at the March 2d hearing, the attorney for plaintiffs appeared before the board and requested that the board conduct no further hearing and take no further action on plaintiffs' petition filed with the board in December seeking reduction of those compensation insurance rates. It apparently was plaintiffs' theory then that the action in this court to review the temporary order of January 22d should operate to deprive the insurance board of any authority to proceed further in the general matter of prosecuting its own investigation of these insurance rates, or to proceed further upon plaintiffs' December petition asking for a reduction of workmen's compensation insurance rate.

The request of the plaintiffs presented at the March 2d hearing before the board· was denied, the plaintiffs being advised in effect that the board had no objections to plaintiffs withdrawing their December petition for rate reduction, but being advised further that the board desired to proceed with its hearing.

Thereupon the insurance board requested further detailed information and data from insurers, and since it was requested in considerable detail, time was granted for it to be furnished. We are not advised by any supplemental pleading as to just what has transpired in the matter before the board since that time. It is suggested by counsel that the board has since placed in effect permanent rates involving further substantial reductions. We are justified in the assumption that the plaintiffs here at the March 2d board hearing in effect withdrew or declined to then further present their December petition for rate reductions; and declined then to participate in further hearing at that time on the rate matter before the board. We are further justified in the assumption that if the plaintiffs had then been willing to proceed on their December petition, the matter might have had speedy final determination before the board, resulting in a final rate order involving substantial rate reductions.

We are convinced that the plaintiffs had the right to seek a review in this court of the January 22d temporary rate order.

That seems to be in keeping with the language of the statute above referred to. We are not prepared to say, however, that the mere filing of this petition for review would, under the circumstances here shown, operate to deprive the board of all power to proceed with its investigation commenced by the board in November previous, and in which plaintiffs' December petition for rate reduction might be said to have intervened. As a general rule the lodging of proper review action in an appellate court does operate to relieve the lower tribunal of further authority in the premises, but that general rule does not necessarily operate to stay the hand of the lower tribunal on all and every matter that is or might be related to the particular action or order sought to be reviewed in the appellate court. Here the January order was a temporary one for the purpose of placing in effect and giving to insurance buyers immediate benefit of the amount of the conceded average reduction, pending a complete investigation, which we assume was wholly essential to the fixing of permanent rates or the granting of a permanent reduction in perhaps substantial larger amount. Surely this was a proper action by the board, and its purpose was highly proper and commendable. If plaintiffs had been successful at the March 2d hearing in having the board vacate its temporary order of January 22d, the result would have been to require insurance buyers to continue to pay rates admittedly excessive and to forego the benefit of a conceded temporary reduction until the whole matter could have been finally heard and determined, with the later resulting rate reduction of 7½ per cent. or more. But no part of the reduction to which insurance buyers were entitled in January would have taken effect until some months thereafter. We think the board correctly acted in then declining to vacate its former temporary order.

It is our view, under the circumstances here presented, that notwithstanding plaintiffs' appeal to this court for review of the January 22d order, plaintiffs might well have proceeded at the March 2d hearing to present their December petition for reduction and to assist the board in its general investigation and hearing on the matter of general or further reductions of these rates.

Upon review of this January 22d order it is the duty of this court to act in keeping with the general state policy, which in part is to supervise insurance rates through the State Insurance Board to the end that such rates shall be sufficient to promote the

soundness of the insurers, thereby affording protection to insurance buyers who should have occasion to call upon the insurers to pay out on the policies; and to the end that such rates shall not be excessive so as to oppress the great number of insurance buyers. We are not persuaded that in this review of this temporary order we should take over from the insurance board all further handling of the investigation for rate reduction which was commenced by initial steps of the board in November, and perhaps accelerated by plaintiffs' December petition for rate reduction. We have concluded, under all the facts and circumstances here shown, that we should remand this matter to the State Insurance Board without further action on our part at this time. If the board has already made final disposition of this rate matter by further reduction, it may be that plaintiffs have thereby obtained full recognition of their rights. If that board has not finally disposed of the matter, it is doubtless ready to proceed as it was at the March 2d hearing to give plaintiffs a full and complete hearing and to accord them relief from any excessive insurance rate.

It is urged that such action on our part results in a rule that would permit the board, by designating rate orders as temporary and reserving or continuing the matter for further final hearing, to deprive parties of any benefit of the right to review such orders granted by the statute. We are not impressed with the force of such argument, when applied to the facts and circumstances here presented. There is no indication whatever that the board had any such thought in this matter, or would so act in any other matter. Surely our disposition of this review would not authorize such proceedings in any further matter as might be taken to destroy or impair the statutory right to seek review. It is sufficient to say that this court would have ample power to deal with any such situation should it ever arise. It seems wholly clear that in promulgating the January 22d temporary order, and in thereafter proceeding with further investigation and hearing for the purpose of entering final order, the State Insurance Board acted in proper motive, and in proper discharge of its duties to promote and carry out the fixed state policy of supervision of these insurance rates.

Therefore, for the reasons stated, the matter is remanded to the State Insurance Board for further proceedings consistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. RILEY, J., absent.